## HOPSON v. NEIGHBORS.

### No. 6069.

Court of Appeal of Louisiana.
Second Circuit.

April 4, 1940.

Rehearing Denied May 3, 1940.

Lee & Lee, of Shreveport, for appellant.

Harry V. Booth and L. L. Lockard, both of Shreveport, for appellee.

HAMITER, Judge.

An automobile driven by G. H. Neighbors on the Shreveport-Vivian highway within the unincorporated town of Oil City, Louisiana, struck and injured James W. Hopson, a pedestrian, about seven

o'clock of the evening of May 12, 1938. The latter's demands for damages arising out of the accident, which he urges in this suit instituted against such driver, were rejected; and he appeals.

The mentioned highway courses through the named municipality in a north and south direction and is straight for a considerable distance on each side of the place of the accident. It possesses an 18-foot asphalt surface with graveled shoulders 5 to 6 feet in width. Facing it on its east side are numerous business establishments, including the Norman Hotel. West of it is another portion of the business district. There are no marked or otherwise defined lanes across the highway for pedestrian travel.

At the above-stated time, while daylight prevailed, plaintiff emerged from the front entrance of the Norman Hotel, conversed for a few moments with a person seated on a nearby bench, and then commenced his journey in a southwesterly direction onto and across the highway. As he neared the center of the thoroughfare, he heard the horn of defendant's machine, which was approaching him from the north, and hastened to and did reach the graveled shoulder of the west side. Shortly thereafter the accident occurred.

It is plaintiff's contention, and he so alleges, that defendant was operating the automobile at an excessive rate of speed and that its left front fender struck him while he was upon the west graveled shoulder of the highway several feet from the asphalt's edge. The defense is that plaintiff, after reaching the west graveled shoulder and a place of safety, jumped back onto the asphalt in front of the car, when it was only ten or fifteen feet away, and was there struck. The pivotal question, therefore is: Was plaintiff, when the accident occurred, off or on the asphalt portion of the highway?

■ The trial judge, in a well-considered written opinion, analyzed the testimony of the various witnesses and resolved such factual issue in favor of defendant. He stated that the preponderance of the evidence sustained defendant's position, and held that plaintiff had failed to discharge the burden of proving that defendant was guilty of negligence that proximately caused the accident. After carefully and closely studying the transcribed testimony of the witnesses, we are unable to disagree with his finding and

holding. To say the least, we cannot state that his conclusions are manifestly erroneous.

The evidence adduced at the trial of the case will not be discussed by us in detail. To do so would only serve to increase the financial burden of those who must purchase the published reports. It is sufficient to say that the contention of plaintiff is supported by the testimony of himself and another eyewitness, and by two other persons who did not witness the actual collision but directed their attention to the scene of the accident upon hearing the sound of the impact. On the other hand, four witnesses, including the automobile's operator, testified emphatically that they were looking at plaintiff when he was struck, and that they saw him move suddenly from the west graveled shoulder onto the asphalt and in front of defendant's machine.

With reference to the unusually strange actions of the plaintiff in forsaking a place of safety, which he had gained, for one of peril, the trial court appropriately and interestingly commented: "While it is true that no one is expected to act crazily and jump back in front of a car, it is equally true that the driver of a car does not, on a clear, unobstructed highway, deliberately turn off the pavement to strike a pedestrian on the gravelled shoulder."

■ The speed traveled by the motor vehicle through the unincorporated town of Oil City was admittedly between 30 and 35 miles per hour, this being in excess of the legal rate fixed by Section 3, Rule 4(c) of Act No. 286 of 1938. Hence, it must be said that defendant was negligent in his driving. However, such negligence was not a proximate cause of the accident, in view of the discussed sudden actions of plaintiff, and therefore is not actionable.

■ It is contended by counsel for plaintiff that it makes no material difference with respect to defendant's liability whether he lost control of the car and ran down plaintiff on the graveled shoulder of the road, or "whether plaintiff was so confused and frightened by the close proximity of the car which he had run across the road to avoid, that he believed the car was going to hit him and involuntarily jumped in the path thereof." In connection with this contention, the emergency doctrine is invoked and relied on. This

well-known rule of law, in our opinion, has no application here. It does not clearly appear from the evidence that the automobile was sufficiently near to plaintiff, as he journeyed across the highway, to constitute the existence of an emergency requiring the sudden actions on his part.

We find no error in the judgment of the district court, and it is affirmed.